Curia, per Frost, J.
As a general rule, a debt, can be discharged only by payment, in money. But, if the creditor consents to accept from the debtor any collateral act, or thing, and does actually accept the same, in discharge of the debt- or’s liability, that will be a good defence, as accord and satisfaction. The plea of accord, merely, without satisfaction, is bad. The accord or agreement imposes no obligation on the creditor, unless it be supported by a good consideration. It then forms a new contract, which, by substitution, may cancel the original liability. If the plaintiffs and defendant had passed mutual receipts, that would have been a satisfaction, by accord, of their respective demands. The individual contracts and effects of the several partners, and the firm, are completely separate and distinct. - An agreement by the partners to accept, from a debtor of the firm, the note or account of one of the partners, in payment of a co-partnership account against the debtor, does not differ from a like agreement to accept the note or account of a stranger, in payment. On the trial, I thought that the defendant’s case showed only an accord, unexecuted, which was no satisfaction ; and that the mere accord Or agreement of the plaintiffs, that they would accept in payment of the partnership account, against the defendant, the accounts which the defendant had against them, individually, was not sufficient to support the defendant’s discount, because the agreement was unsupported by any sufficient consideration. But the evidence might have supported a verdict, finding mutual promises by the parties to accept payment of their respective demands by set off; and that issue should have been submitted to the jury. When mutual promises are simultaneously made, the promise of each is a good consideration for the promise of the other. Promise for promise is a good consideration in an action for a breach of a promise of marriage; so also, for a wager. And an accord, with mutual promises to perform, is good, though they be not performed at the time of action ; for the party has a remedy to compel the performance. If the defendant, confiding in the promise of the plaintiffs, forebore to enforce, promptly, the payment of his accounts against them, *129 individually, and the defendant were, by the subsequent assignment of the co-partnership account against him, prived of his defence and compelled to pay to the plaintiffs’ assignee the account which he owed to the co-partnership, he might maintain an action against the plaintiffs. The discount is in the nature of a cross action. In this form, which can alone be effectual, on account of the insolvency of the plaintiffs, the defendant seeks to enforce the performance, by the plaintiffs, of their agreement. The discount, if good against the plaintiffs, is good against their assignee.
The motion is granted.
Evans, Wardlaw & Withers, JJ., concurred.

Motion granted.